The cause originated before a justice of the peace; there was an appeal to the county court, and an appeal from the county court to the Superior Court. After the jury was charged with the cause in the Superior Court, the plaintiff's counsel discovered that the appeal bond given by the defendant, from the county to the Superior Court was defective, and moved the court that the cause be dismissed. The court did accordingly dismiss the cause.
The questions submitted to this Court are: Whether the court acted properly in dismissing the appeal after the cause was submitted to the jury. And if they should be of opinion that the cause was improperly dismissed, whether the defendant should not be placed in the same situation that he was before dismissal — or what will be done with the cause?
The act of Assembly allows every plaintiff or defendant the right of appeal from the county to the Superior Court; but it requires, for thebenefit of the appellee, that bond and security should be given. If an appeal has been allowed, and the appellant has omitted to give this security, it is in the power of the appellee to have the appeal dismissed; but it being for his benefit, he may, if he chooses, waive it; and this waiver may be express or implied. When it is express, as by entry on the docket, there the court above ought to entertain the appeal; if implied, as by suffering the cause to go to the jury, he ought not afterwards to be permitted to avail himself of an advantage, which, from his conduct, he has consented to abandon.
The cause, therefore, should be remanded, and the appellant permitted to proceed in his defense, leaving it to the discretion of the judge, upon a proper case, to require further security. (545)
Cited: Smith v. Neil, 9 N.C. 15; Brittain v. Howell, 19 N.C. 108; S.v. Mitchell, ib., 238; McMillan v. Baker, 92 N.C. 115.
Dist.: McDowell v. Bradley, 30 N.C. 93. *Page 396